UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STAN MENZIE,             Case No. 16-cv-1275-pp

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

---

**ORDER ASKING FEDERAL DEFENDER SERVICES OF WISCONSIN TO REVIEW PETITION AND UNDERLYING CASE, AND REPORT TO THE COURT BY NOVEMBER 18, 2016 WHETHER IT INTENDS TO FILE ANYTHING ON BEHALF OF THE PETITIONER**

---

On July 11, 2011, the parties filed an executed plea agreement, in which the petitioner expressed his intention to plead guilty to conspiracy to possess with intent to distribute and to distribute cocaine base. United States v. Menzie, 11-cr-63-pp, Dkt. No. 83. The plea agreement did not recommend that the plaintiff receive a mitigating role deduction under U.S.S.G. §3B1.2. Id., Dkt. No. 83 at 5-6. On January 25, 2012, Judge Charles N. Clevert, Jr. sentenced the petitioner to serve 168 months (fourteen years) in custody. Id. at Dkt. Nos. 158, 161. During the underlying criminal case, the petitioner was represented by counsel appointed under the Criminal Justice Act. Dkt. No. 31.

On September 23, 2016, the court received the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Menzie v. United States, 16-cv-1275, at Dkt. No. 1. The petition indicates that the petitioner currently is housed at F.C.I. Pekin, in Pekin, Illinois. Dkt. No. 1 at 1. The brief

1

in support of the motion asserts that the petitioner's sentence should be vacated and remanded to the district court for re-sentencing, because under the newly-amended version of U.S.S.G. §3B1.2 (mitigating role), he is entitled to a sentence reduction. Dkt. No. 2.

On November 1, 2015, Amendment 794 to the mitigating role guideline (3B1.2) went into effect. See http://www.ussc.gov/guidelines-manual/amendments-guidelines-manual, pp. 46-49. The Sentencing Commission stated, in the "Reason for the Amendment" section, that it had recommended the amendment because courts had been granting the mitigating role reduction inconsistently and there was a circuit split on the issue Id. at p. 45. The amendment was intended to provided "additional guidance" to courts in applying the reduction (it addressed "other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances"), and the amended version provides a list of factors for courts to consider. Id.

The petitioner does not state whether received a role-in-the-offense adjustment, but implies that he did not. Dkt. No. 2 at 3. He argues that under the new version of the guideline, he clearly is entitled to a minor role reduction. Id.

The petitioner's argument assumes several things. First, it assumes that the amendment—which went into effect on November 1, 2015, three and a half years after the petitioner was sentenced—applies retroactively. So far, only the Ninth Circuit Court of Appeals has held that this amendment applies

2

retroactively to sentences imposed prior to November 1, 2015. United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir., May 17, 2016). (The government conceded retroactive application in that case.) Nor, as Judge Gilbert pointed out in French v. United States, Case No. 16-cv-1031, 2016 WL 4993379 (S.D. Ill., September 19, 2016), has any court decided whether the amendment applies retroactively to collateral attacks (such as §2255 motions) on sentences imposed prior to November 1, 2015. Finally, it is not clear whether there are facts in the presentence investigation report that would indicate that the petitioner would be entitled to the reduction under the new version of the guideline, even if it does apply retroactively.

Because the petition contains issues of first impression, because the petitioner filed the petition *pro se*, and because he was represented by appointed counsel during his criminal case, the court believes that it would be helpful for counsel from Federal Defender Services of Wisconsin to review the underlying criminal case and the petition, and to inform the court whether it intends to file anything on behalf of the petitioner.

The court **ORDERS** that, no later than the end of the day on **November 18, 2016**, Federal Defender Services of Wisconsin either (a) file a supplemental pleading on the petitioner's behalf, or (b) file a notice advising the court that it does not intend to file such a document. After the court receives the Federal

Defender's response, it will set a deadline by which the respondent should file a response.

Dated in Milwaukee, Wisconsin this 26th day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

4

Case 2:16-cv-01275-PP   Filed 09/26/16   Page 4 of 4   Document 3