STANLEY MENZIE,

        Petitioner,

  v.                                     Case No. 16-cv-1275-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 8), DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1), DISMISSING CASE WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

      On September 23, 2016, the petitioner filed a motion under 28 U.S.C. §2255 to vacate, set aside or correct his sentence in United States v. Stanley Menzie, Case No. 11-cr-63 (E.D. Wis.). Dkt. No. 1. The motion asserts that an amendment to federal sentencing guidelines entitles the petitioner to a sentence reduction. Dkt. No. 2 at 1. On October 23, 2020, the petitioner filed a motion to proceed without prepaying the filing fee. Dkt. No. 8. Because the petitioner is not entitled to relief, this order denies the §2255 motion and dismisses the case. The court will deny the petitioner's motion to proceed without prepaying the filing fee as moot.

## I. Petitioner's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 8)

On October 23, 2020, the petitioner filed a motion asking the court to allow him to proceed without prepaying a filing fee. Dkt. No. 8. Because there is no fee for filing a motion to vacate, set aside or correct a sentence under 28 U.S.C. §2255, the court will deny the motion as moot.

## II. Background

### A. Underlying Case

#### 1. *Indictment and plea agreement*

On March 15, 2011, the grand jury returned a one-count indictment against the petitioner, Dionte Dyess, Keyantre Nunn, Richard Martin, Donald Gillespie and Maurice Davis. Menzie, Case No. 11-cr-63, Dkt. No. 1. The indictment charged all six with conspiracy to deliver at least two hundred eighty grams of cocaine base in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) and 846. Id.

On July 11, 2011, the petitioner (represented by Attorney Susan Karaskiewicz) signed a plea agreement, which was filed the same day. Dkt. No. 83. The agreement stated that the petitioner was pleading to the count in the indictment. Id. at ¶¶2-3. In the agreement, the petitioner acknowledged that he had read and fully understood "the nature and elements of the crime with which he ha[d] been charged" and that his attorney fully explained "the terms and conditions of the plea agreement." Id. at ¶3. The petitioner acknowledged, understood and agreed that he was guilty of the offense in Count One of the indictment. Id. at ¶5. He admitted that facts attached to the plea agreement

established his guilt beyond a reasonable doubt and were true and correct. Id. He stated that he understood and agreed that the maximum term of imprisonment was life in prison, a ten million dollar fine and a lifetime of supervised release; he understood and agreed that Count One carried a mandatory minimum of ten years of imprisonment, a special assessment of $100 and five years of supervised release. Id. at ¶6. The petitioner acknowledged, understood and agreed that he had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney." Id. at ¶7.

The agreement also laid out the elements of the charges. Id. at ¶9. It said that the parties understood and agreed that in order sustain the conspiracy-to-distribute-cocaine-base charge in Count One, the government would have to prove beyond a reasonable doubt that (1) "the conspiracy as charged in count one existed," and (2) the petitioner "knowingly became a member of the conspiracy with an intention to further the conspiracy." Id. The petitioner acknowledged and agreed "that his attorney . . . discussed the applicable sentencing guidelines provisions with him to [the petitioner's] satisfaction." Id. at ¶12. He acknowledged and understood "that the sentencing guidelines recommendations contained in this agreement [did] not create any right to be sentenced within any particular sentence range, and that the court [might] impose a reasonable sentence above or below the guidelines range." Id. at ¶14. The parties stated that they acknowledged, understood and agreed that the sentencing court could "consider relevant conduct in calculating the sentencing

3

guidelines range, even if the relevant conduct [was] not the subject of the offense to which [the petitioner] [was] pleading guilty." Id. at ¶15. The parties "agree[d] to recommend to the sentencing court that the applicable base offense level for the offense charged in count one [was] 34." Id. at ¶17.

The government agreed to recommend a 2-level decrease for the petitioner's acceptance of responsibility, "but only if [the petitioner] exhibit[ed] conduct consistent with the acceptance of responsibility." Id. at ¶18. The government agreed that if the court determined at the time of sentencing that the 2-level reduction applied to the petitioner, it would move for an additional 1-level decrease under U.S.S.G. §3E1.1(b) for the petitioner's timely notification of his intention to plead guilty. Id. The parties stated that they acknowledged, understood and agreed that the petitioner "may qualify as a career offender under the sentencing guidelines," and that he "may not move to withdraw the guilty plea solely" based on that determination. Id. at ¶19.

"The government agree[d] to recommend a sentence within the applicable sentencing guideline range, as determined by the court." Id. at ¶22. The parties acknowledged, understood and agreed that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to the imposition of sentence and [might] impose any sentence authorized by law up to the maximum penalties" set forth in the agreement. Id. at ¶23. The petitioner stated that he acknowledged, understood and agreed that he could not "move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶24.

4

The agreement also contained the petitioner's waiver of rights. Based on the agreement, the petitioner "knowingly and voluntarily waive[d] his right to appeal his sentence in this case and further waive[d] his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. §2255." Id. at ¶33. "This waiver [did] not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel." Id.

The agreement provided that if the petitioner "violate[d] any term of [the] agreement at any time, engage[d] in any further criminal activity prior to sentencing, or fail[ed] to appear for sentencing, [the] agreement [would] become null and void at the discretion of the government." Id. at ¶40. If the agreement "[was] revoked or if [the petitioner's] conviction ultimately [was] overturned, then the government retain[ed] the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of [the] agreement." Id. Finally, the petitioner stated that he acknowledged, understood and agreed that he was "plead[ing] guilty freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." Id. at ¶41.

### 2. *Change-of-plea and sentencing hearings*

On July 12, 2011, United States District Judge Charles N. Clevert, Jr. held a change-of-plea hearing. Dkt. No. 87. The petitioner appeared in person with Attorney Karaskiewicz. Id. at 1. The court's minutes reflect that the court considered the petitioner competent to offer a plea, that there was a factual basis for the plea and that the petitioner offered the plea voluntarily. Id. The court also found that the petitioner had the assistance of counsel, and that he understood his rights, the nature of the charges against him and the maximum possible penalty. Id. The court accepted the petitioner's plea and found him guilty of the charge in Count One of the indictment. Id.

On January 25, 2012, Judge Clevert conducted the sentencing hearing. Dkt. No. 158. The petitioner appeared in person with Attorney Karaskiewicz. Id. The court sentenced the petitioner to one hundred sixty-eight months of imprisonment followed by five years of supervised release. Dkt. No. 161 at 2-3.

### B. Petitioner's Motion to Vacate, Set Aside or Correct Sentence

On September 23, 2016, the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Menzie v. United States, Case No. 16-cv-1275 (E.D. Wis), Dkt. No. 1. The motion asserts that "[t]he new retroactive amendment held in United States v. Quintero-Leyva, 2016 U.S. App. LEXIS 8989, No. 14-50509 (9th Cir. May 17, 2016) directly impacts [the petitioner's] sentence." Dkt. No. 2 at 1. The petitioner asserts that in 2015, the United States Sentencing Commission passed "Amendment 794;" he states that "[t]he Commission did so because, after conducting an independent review, it

6

found that minor role reductions were being 'applied inconsistently and more sparingly than the commission intended.'" Id. He says that "[t]he newly amended U.S. Sentencing Guidelines Manual § 3B1.2 now states that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for the minor role reduction, and the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." Id. at 2. The petitioner stresses that he "was not a major participant in the conspiracy." Id. at 3. According to the petitioner, he deserves a minor role reduction because he knew only one member of the relevant conspiracy, he "had only been involved in very small amounts of cocaine" and he "provided assistance worthy of a 5K1.1 reduction, despite the risk to his safety." Id.

As relief, the petitioner asks "that this court review [his] case and grant a minor role reduction to [his] sentence and resentence to the reflected sentence appropriate with this reduction." Id.

### C. Unopposed Motions for Compassionate Release

The petitioner filed this motion several years ago—in September 2016. It has been fully briefed since March 2, 2017. On April 17, 2020, the petitioner filed in his criminal case a *pro se* motion for compassionate release. United States v. Stanley Menzie, Case No. 11-cr-63 (E.D. Wis.), Dkt. No. 344. The petitioner argued that disabilities of his twin children rendered them completely dependent on others. Id., Dkt. No. 350 at 1. Because the petitioner

7

had not exhausted his administrative remedies under 18 U.S.C. §3582(c)(1)(A), the court denied the motion on April 27, 2020. Id., Dkt. No. 350 at 4-5, 9.

Six months later, the petitioner filed a second *pro se* motion for compassionate release. Id., Dkt. No. 351. In that motion, the petitioner argued that the caregiver for his twin children—their grandmother—suffered from cancer and could no longer care for them. Id., Dkt. No. 351 at 1. The petitioner also indicated he had exhausted his administrative remedies. Id., Dkt. No. 351 at 2. On January 8, 2021, Federal Defender Services of Wisconsin filed a supplemental motion for compassionate release on the petitioner's behalf. Id., Dkt. No. 358. Three weeks later, this court granted the petitioner's motion, vacated the January 26, 2012 judgment and imposed a sentence of time served. Id., Dkt. No. 367. On February 16, 2021, the court entered an amended judgment reflecting the petitioner's revised sentence: time served in prison and five years of supervised release. Id., Dkt. No. 370. The defendant has been out of custody and on supervised release since February 17, 2021. Id., Dkt. No. 373 at page 1.

### III. Analysis

#### A. Standard

In a §2255 proceeding, the court first must review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or

other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B. <u>Discussion</u>

1. *Timeliness*

28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

9

The petitioner filed his §2255 motion on September 23, 2016. <u>Menzie</u>, Case No. 16-cv-1275, Dkt. No. 1. The court entered judgment in the underlying criminal case on January 26, 2012. The petitioner did not file his §2255 motion within one year of his judgment becoming final under §2255(f)(1). He does not assert newly discovered evidence under §2255(f)(4), or that an impediment prevented him from filing his motion under §2255(f)(2). That leaves §2255(f)(3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." According to the §2255 motion, the Sentencing Commission passed Amendment 794 on November 1, 2015—eleven months before petitioner filed his §2255 motion. But the petitioner did not cite any right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. He cites <u>U.S. v. Quintero-Leyva</u>, 823 F.3d 519 (9th Cir. 2016)—a decision from the Ninth Circuit Court of Appeals. This court is not bound by the decisions of the Ninth Circuit.

      2.    *Procedural Default*

While a claim must be timely, it also must be cognizable. For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." <u>Delatorre v. United States</u>, 847 F.3d 837, 843 (7th Cir. 2017) (citing <u>Hale v. United States</u>, 710 F.3d 711, 713-14 (7th Cir. 2013)).

10

"Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

If the petitioner raised the claim on direct appeal, the "law of the case" doctrine dictates that a Circuit Court of Appeals' decision becomes binding when that defendant later raises the same claim through a §2255 motion to vacate, set aside or correct a sentence. Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005) (citing United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986)).

The petitioner argues that under Amendment 794 and Quintero-Leyva, he was "quite certainly a minor participant in this case and deserves a 'Minor Role' reduction." Dkt. No. 2 at 3. The petitioner raised this claim for the first time in the §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir.2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir.1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir.2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir.2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar this claim because the petitioner did not raise it before this court or the Seventh Circuit. But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and suffered actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley, 523 U.S. at 622). The petitioner can show cause for his failure to raise Amendment 794 and Quintero-Leyva before the trial court. "A change in the law may constitute cause for procedural default if it creates 'a claim that is "so novel that its legal basis is not reasonably available to [trial or appellate] counsel."'" Id. (citing Bousley, 523 U.S. at 622). The Ninth Circuit decided Quintero-Leyva on May 17, 2016—fifty-eight months after Judge Clevert accepted the petitioner's guilty plea and fifty-two months after he imposed sentence. The petitioner says that the United States Sentencing Commission passed Amendment 794 on November 1, 2015—eleven months before he filed his §2255 motion. If he is correct, neither Amendment 794 nor the Quintero-Leyva decision were reasonably available to the petitioner prior to sentencing; he has stated cause for his default.

But the petitioner cannot show prejudice. Again, Quintero-Leyva is a decision of the Ninth Circuit. A decision from the Ninth Circuit is not a basis for a district court in the Seventh Circuit to grant relief under §2255. Even if Quintero-Leyva applied in the Seventh Circuit, it would not entitle the petitioner to relief. In that case, the Ninth Circuit held that Amendment 794 applied retroactively on *direct appeal*. Quintero-Leyva, 823 F.3d at 523. The

12

Ninth Circuit did not decide whether Amendment 794 applied retroactively on collateral review.

The Seventh Circuit—the court of appeals whose decisions are binding on this court—has considered Amendment 794. In Ozuna v. United States, No. 17-1544, 2017 WL 4083724, at *1 (7th Cir. Aug. 22, 2017), the Seventh Circuit explained that Amendment 794 did not reduce a guideline. Rather, it "simply clarified when to apply a guideline that lowers the range." Id. For that reason, it is not retroactive, and does not apply to the petitioner because he was sentenced before it went into effect.

Further, a petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). The petitioner argues that under Quintero-Leyva, a district court assessing whether a defendant should receive a role reduction should compare that defendant "with the other participants in the crime, not with a hypothetical average participant." Dkt. No. 2 at 1. "Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255." United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001); See also Ozuna v. United States, 2017 WL 4083724 at *1 (affirming dismissal of Amendment 794 claim brought under §2255 because "Section 2255 is not a basis for relief for guideline errors, and there was no reason for the district judge to construe the papers as a motion to reduce under § 3582(c) because Amendment 794 is not

13

retroactive and did not reduce a guideline. It simply clarified when to apply a guideline that lowers a range.").

>   3.  *Waiver*

Even if the petitioner could have shown that Amendment 794 and Quintero-Leyva entitled him to relief, the petitioner's express waivers of appellate and §2255 relief rights in his plea agreement bar relief. The Seventh Circuit has held that a waiver of §2255 relief in a plea agreement is enforceable, and that a court should treat it no differently than the waiver of a direct appeal. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); see also United States v. Perillo, 897 F.3d 878, 882 (7th Cir. 2018) ("A 'voluntary and knowing waiver of an appeal is valid and must be enforced.'") (quoting United States v. Sakellarion, 649 F.3d 634, 638 (7th Cir. 2011)). "An appeal waiver does not prevent challenges to a sentence based on a constitutionally impermissible factor such as race, a sentence that exceeds the statutory maximum for the particular crime, a proceeding lacking a 'minimum of civilized procedure,' or ineffective assistance of counsel in negotiating the plea agreements." United States v. Campbell, 813 F.3d 1016, 1018 (7th Cir. 2016). A petitioner who waives his right to appeal may argue that he did not knowingly and voluntarily enter into the agreement. Jones, 167 F.3d at 1145. But representations made to a court during a plea colloquy are presumptively true. Hurlow v. United States, 726 F.3d 958, 968 (7th Cir. 2013) (quoting United States v. Chavers, 515 F.3d 722, 724 (7th Cir. 2008)).

14

A change in the law does not invalidate a plea waiver; the Seventh Circuit has "consistently rejected arguments that an [express] appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." Oliver v. United States, 951 F.3d 841, 845 (7th Cir. 2020) (quoting United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009).

> Plea-bargain waivers allocate the risk of the unknown for both sides: "By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."

Id. (quoting United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005)).

The plea agreement demonstrates that the petitioner acknowledged he was guilty of conspiracy to deliver at least two hundred eighty grams of cocaine base. The court is satisfied that the petitioner entered into the agreement voluntarily, knowingly and intelligently. The §2255 petition asserts that the court should retroactively reduce the petitioner's sentence in light of Amendment 794. That is not a basis for relief given his admissions in the plea agreement and at the plea colloquy and his waiver of his appellate rights. Because the petitioner has not alleged that his attorney was ineffective in negotiating the appellate waiver and because he cannot demonstrate that his plea was not knowing or voluntary, the petitioner is not entitled to relief on his Amendment 794 claim.

The court notes that, notwithstanding the problems with the petitioner's claim that the court has already discussed, the court already has granted substantially the same relief sought in this §2255 motion. In his 2016 §2255 motion, the petitioner requests "that this court review [his] case and grant a

15

minor role reduction to [his] sentence and resentence to the reflected sentence appropriate with this reduction." Dkt. No. 2 at 3. On January 28, 2021, the court granted the petitioner's unopposed motions for compassionate release in his underlying criminal case. Menzie, Case No. 11-cr-63, Dkt. No. 367. On February 16, 2021, the court entered an amended judgment reducing the petitioner's sentence to time served in prison and five years of supervised release. Dkt. No. 370. It did not grant that reduction based on the application of Amendment 794, but it did reduce the petitioner's sentence and he now is out of custody.

The court will deny the §2255 motion.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the §2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petitioner's

motion to vacate, set aside or correct his sentence plainly does not entitle him to relief under 28 U.S.C. §2255(a).

## V. Conclusion

The court **DENIES AS MOOT** the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 8.

The court **DENIES** the petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of February, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**